SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YIMING LI, | No. C 07-3936 PVT |
|     Plaintiff, | |
|     v. | |
| PETER D. KEISLER,* Attorney General of the United States; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO T. GONZALEZ, Director of the United States Citizenship and Immigration Services; ROBERT S. MUELLER, Director of the Federal Bureau of Investigation, | DEFENDANTS' MOTION TO DISMISS<br><br>Date:      November 14, 2007<br>Time:     10:00 a.m.<br>Courtroom: 5, 4th Floor |
|     Defendants. | |

## I. NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on November 14, 2007 at 9:30 a.m., before the Honorable Patricia V. Trumbull, Courtroom No.5, 280 South First Street, San Jose, California 95113, Defendants Peter D. Keisler and Robert S. Mueller, by their attorneys, Scott N. Schools, United States Attorney for the Northern District of California, and Melanie L. Proctor, Assistant U.S. Attorney, will move this Court for an order dismissing the Complaint pursuant to Fed. R. Civ. P.

---

Pursuant to Fed. R. Civ. P. 25(d)(1), Peter D. Keisler is substituted for his predecessor, Alberto Gonzales, as the United States Attorney General.

MOTION TO DISMISS
C 07-3936 PVT

12(b)(1). Defendants' Motion is based on this notice, the points and authorities in support of this motion, the pleadings on file in this matter, and on such oral argument as the Court may permit.

## II.    INTRODUCTION

Plaintiff asks the Court to compel Defendants to adjudicate his adjustment of status application. However, the Department of Justice and the Federal Bureau of Investigation ("FBI") do not process immigration applications, and no court has found jurisdiction over the FBI in immigration cases. Accordingly, the Complaint against Peter D. Keisler and Robert S. Mueller should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## III.    ARGUMENT

Since March 1, 2003, the Department of Homeland Security ("DHS") has been the agency responsible for implementing the Immigration and Nationality Act. See 6 U.S.C. §§ 271(b)(5), 557. Thus, the only relevant Defendants here are those within the DHS, and Defendants Peter D. Keisler and Robert S. Mueller should be dismissed. See Clayton v. Chertoff, et al., No. 07-cv-02781-CW, slip. op., at 4-7 (N.D. Cal. Oct. 1, 2007); Konchitsky v. Chertoff, No. C-07-00294 RMW, 2007 WL 2070325, at *6-7 (N.D. Cal. July 13, 2007); Dmitriev v. Chertoff, No. C 06-7677 JW, 2007 WL 1319533, at *4 (N.D. Cal. May 4, 2007).

The FBI's investigation involves a discretionary function. See Yan v. Mueller, No. H-07-0313, 2007 WL 1521732, at *6 (May 24, 2007) ("The evidence shows that the delay is due, not only to the volume of requests that the FBI receives, but also to the FBI's exercise of discretion in determining the timing for conducting the many name check requests that it receives and the manner in which to conduct those checks."); Li v. Chertoff, et al., 482 F. Supp. 2d 1172, 1179 (S.D. Cal. 2007) ("Additionally, Plaintiff has not pointed to any statute or regulation requiring the FBI to complete her name check in any period of time, reasonable or not."); Sozanski v. Chertoff, et al., No. 06-cv-0993, 2006 WL 4516968, at *1 (N.D. Tex. Dec. 11, 2006) (holding that federal district courts lack jurisdiction to compel the FBI to perform name checks in adjustment of status cases). The APA precludes review of agency actions that are committed to agency discretion by law. 5 U.S.C. § 701(a)(2).

Furthermore, mandamus is an "extraordinary remedy" available only to compel a "clear,

1  nondiscretionary duty." <u>Pittston Coal Group v. Sebben</u>, 488 U.S. 105, 121 (1988); <u>Zahani v. Neufield</u>, No. 6:05 CV 1857, 2006 WL 2246211, at *2-*3 (M.D. Fla. June 26, 2006) (holding that, because alleged delay resulted from need for FBI background checks, "even if this Court could intervene, it would not."). Plaintiff identities no law or regulation that imposes a nondiscretionary duty upon the FBI to complete Plaintiff's background check immediately or in a certain manner. Accordingly, mandamus is unavailable because the FBI already is taking action, and Plaintiff "simply wish[es] to force [the FBI] to [act] in a more expeditious manner." <u>Mustafa v. Pasquerell</u>, No. SA05CA-658-XR, 2006 WL 488399, at *5 (W.D. Tex. Jan. 10, 2006).

## IV.  CONCLUSION

For the foregoing reasons, Defendants Peter D. Keisler and Robert S. Mueller respectfully asks the Court to dismiss the Complaint.

Dated: October 2, 2007                            Respectfully submitted,

                                                    SCOTT N. SCHOOLS
                                                  United States Attorney

                                                  _____/s/_____
                                                  MELANIE L. PROCTOR
                                                  Assistant U.S. Attorney
                                                  Attorneys for Defendants