Justin Fok, Esq., CA Bar #242272
Law Offices of Jean D. Chen
2107 N. 1st Street, Suite 400
San Jose, CA 95131
Telephone: (408) 437-1788
Facsimile:  (408) 437-9788
Email: jfok@jclawoffice.com

Attorney for Plaintiff
Yiming Li

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **Yiming Li**, <br><br> Plaintiff, <br><br> v. <br><br> **Michael Chertoff**, Secretary of the Department of Homeland Security, <br> **Emilio T. Gonzalez**, Director of United States Citizenship and Immigration Services, <br><br> Defendants. | Case No. C 07-3936 PVT <br><br> **PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND PROPOSED ORDER** <br><br> Date:   Hearing Vacated by Court Order <br> Judge: Hon. Patricia V. Trumbull |

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff is an applicant who seeks to adjust his status to Legal Permanent Resident ("LPR") in the United States.  This action arises out of Defendants' unreasonable delay in the adjudication of Plaintiff's *I-485 Application to Register Permanent Residence or Adjust Status*.

Plaintiff's Cross-Motion for Summary Judgment
Case No. C 07-3936 PVT

1

On July 31, 2007, Plaintiff filed this action seeking mandamus relief and declaratory judgment under 28 U.S.C. § 1361, and the Administrative Procedures Act (APA). Plaintiff now seeks summary judgment in this action and asks this Court to enter an order requiring Defendants' to expeditiously complete the processing of Plaintiff's FBI name check, and requiring the USCIS to complete adjudication of Plaintiff's I-485 application within 60 days of receiving the Court's order. Additionally, Plaintiff asks that this Court to grant reasonable attorney's fees pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412) as well as any other relief at law and in equity as justice may require.

## STATEMENT OF FACTS

Plaintiff, Yiming Li, is the applicant of an I-485, *Application to Register Permanent Residence or Adjust Status* (I-485), filed with the United States Citizenship and Immigration Services (USCIS) California Service Center (CSC).

Plaintiff's application and the filing fees, along with all supporting documentation, were filed with USCIS on February 2, 2005. *See* Complaint, Exhibit 1.

Plaintiff initiated numerous inquiries to different government officials, as well as to the USCIS regarding the status of his delayed I-485 application. After each inquiry, Plaintiff was informed that his case was pending due to the FBI name check. *See* Complaint, Exhibits 3, 5 -8.

The USCIS (under the auspices of the Department of Homeland Security) still retains jurisdiction over Plaintiff's I-485 application and this application still remains unadjudicated. It has now been nearly three years since Plaintiff first filed his I-485 application with the USCIS on February 2, 2005.

## ARGUMENT

Plaintiff is entitled to relief under both the Mandamus Act, and the Administrative Procedures Act ("APA"), in that he may seek to compel an agency to act within a reasonable time on a non-discretionary duty. *See Wu v. Chertoff,* 2007 2007 WL 1223858 (N.D. Cal. 2007); *Independence Mining Co. C. Babbitt*, 155 F.3d 502, at 207 (9th Cir. 1997)

Plaintiff's Cross-Motion for Summary Judgment
Case No. C 07-3936 PVT

2

## I.  MANDAMUS JURISDICTION

The Mandamus Act, codified at 28 U.S.C. § 1361, can be used to compel an officer of the United States to perform his/her duty. The act, in its entirety, states "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. While the court cannot force the agency to exercise its discretion in a particular manner, the courts can use the Mandamus Act to compel the government to take action. A successful Mandamus plaintiff must establish that: (1) he or she has a clear right to the relief requested; (2) the defendant has a clear duty to perform the act in question; and (3) no other remedy is available. *Iddir v. INS*, 301 F.3d 492, at 499 (7th Cir. 2002).

**A. Plaintiff has a clear and certain right to the relief requested**

An alien may apply for adjustment of status under 8 U.S.C. §1255(a), which reads in pertinent part, "The status of an alien who was inspected and admitted or paroled into the United States…may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence…" Section 245.2 of chapter 8 of the Code of Federal Regulations establishes the process by which an applicant can apply to adjust his/her status to that of a Legal Permanent Resident. "An application for adjustment of status is made on Form I-485A." 8 C.F.R. §  245.2(a)(3)(iv). Subsection 245.2(a)(5) provides, in pertinent part: "Decision-(i) General. The applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial." Courts have interpreted this language as creating a non-discretionary duty to adjudicate immigrant applications. *See Wu v. Chertoff*, 2007 WL 1223858 *3 (N.D.Cal.); *Quan v. Chertoff*, 2007 WL 1655601 at *3 (N.D .Cal. 2007); *Razaq v. Poulos*,  2007 WL 61884 at *3 (N.D. Cal. 2007)

Arising from this non-discretionary duty, courts have found that applicants who meet the statutory requirements for an immigrant application have a clear and certain right for adjudication.  *See Wu v. Chertoff,* WL 1223858 *3.  *See also Singh v. Still, 470 F.Supp.2d 1064, 1068 (N.D.Cal.2007)* ("petitioners whose applications for adjustment in status are properly before the INS ... have a right, enforceable through a writ of mandamus, to have the applications

Plaintiff's Cross-Motion for Summary Judgment
Case No. C 07-3936 PVT

1 processed within a reasonable time."); *Eldeeb v. Chertoff*, 2007 WL 2209231 *18 (M.D.Fla.)
2 (Plaintiff meets the criteria to apply for an I-485 application, and as a qualified applicant CIS had
3 a non-discretionary duty to act on the application.).  Thus, a qualified applicant who has properly
4 filed an I-485 application with the USCIS possesses a clear and certain right to the adjudication
5 of that application.

6 Defendants concede that the I-485 application at issue in this case has been properly filed
7 and do not contend that this application lacks any of the requisite elements necessary for
8 approval. *See* Answer ¶ 11.  The Plaintiff in this case has a clear and certain right to the relief
9 requested.

**B. The Plaintiff is owed a mandatory duty**

In addition to showing that there is a clear and certain right to relief, Plaintiff must also demonstrate that Defendants owe him a mandatory duty to act.  While the courts cannot force a particular discretionary act, courts can use mandamus jurisdiction to compel a government agency to perform a non-discretionary duty if they have failed to take any action.  *See Singh*, 470 F. Supp.2d at 1068 (Defendants conceding that there is mandatory duty to act on adjustment of status applications and the Court finding that pertinent regulations support such a conclusion.) *See also Gelfer v. Chertoff*, 2007 WL 902382 at *1 (N.D. Cal. 2007).

A majority of district courts, including the Northern District of California, have interpreted the language of 8 U.S.C. §1255(a) to mean that while the Department of Homeland Security ("DHS") has discretion over *how* to adjudicate an application, the decision as to *whether* it must adjudicate is non-discretionary, thus creating a mandatory duty on the Defendants to adjudicate the I-485 applications.  *See Quan v. Chertoff*, 2007 WL 1655601 at *2; *Razaq v. Poulos*, 2007 WL 61884 at *3; *Singh v. Still*, 470 F.Supp.2d 1064, at 1067 (N.D. Cal. 2007). *See also Yu v. Brown*, 36 F.Supp.2d 922, 932 (D.N.M.1999).

**C. No other remedy is available**

In order to prevail on an action in mandamus, Plaintiff must also demonstrate that he has exhausted his administrative remedies.  Plaintiff has made numerous inquires to the USCIS.  *See* Complaint, Exhibits 3, 5-8.  Despite Plaintiff's attempts to further the application process,

Plaintiff's Cross-Motion for Summary Judgment
Case No. C 07-3936 PVT

4

Plaintiff's application is still pending after nearly three years. Plaintiff has no other remedy available to him other than to continue to wait for the USCIS to act on his application, and "waiting for an agency to act cannot logically be an adequate alternative to an order compelling the agency to act." *Fu v. Reno*, 2000 WL 1644490, at 4 (N.D.Tex.,2000).

## II. APA JURISDICTION

Plaintiff is also entitled to relief under the APA and 28 U.S.C. §1331. The APA mandates that, "…within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). The APA allows for a district court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Although no time frame is specifically defined by the APA, this Court has held that § 555(b) and § 706(1) of the APA creates a reasonable time requirement for adjustment of status applications. *Aboushaban v. Mueller*, 2006 WL 3041086, at *5 (N.D. Cal. 2006).

### A. Unreasonable Delay

"What constitutes unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Yu*, 36 F. Supp. 2d at 934. In this case, the Defendants have indicated that the delay is due to the FBI name check. *See* Complaint, Exhibits 3, 5–8. While Plaintiff understands the need for the FBI name check, Defendants fail to provide a particularized reason as to why Plaintiff's name check has taken almost three years. Without a particularized reason as to why the name check is taking such an inordinate amount of time, this Court has found that both a two and three year delay to be unreasonable as a matter of law. *See Chao v. Gonzales* 2007 WL 3022548 at *6 (N.D.Cal., October 15, 2007 (delay of two years is unreasonable as a matter of law). *See Also, Wu*, 2007 WL 1223858, at *10 (three-year delay unreasonable as a matter of law)*; Gelfer,* 2007 WL 902382 at *2 (more than two year delay unreasonable as a matter of law);

### B. Taking into account other factors in addition to the length of time in the delay

When a statute is silent as to when a government agency must act, the Ninth Circuit has considered six factors in determining whether an agency delay is unreasonable. *Biodiversity Legal Foundation v. Badgley,* 309 F.3d 1166, n. 11 (9th Cir. 2002) (using the six factor test from

Plaintiff's Cross-Motion for Summary Judgment
Case No. C 07-3936 PVT

*Telecommunication Research and Action Center* (*TRAC*) *v. F. C.C.,* 242 U.S. App. D.C. 222, 750 F.2d 70 (D.C. Cir. 1984)). These six *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulations are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay;
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

When considering all six factors in addition to the length of the delay, this Court should find the DHS' delay to be unreasonable and grant Plaintiff's Motion for Summary Judgment.

**1) The time agencies take to make decision must be governed by a rule of reason**

The Defendants offer no particularized reason as to why Plaintiff's I-485 application is suffering from such a long delay other than to give the generic and non-specific explanation that Plaintiff Yiming Li's security check remains pending with the FBI. *See* Complaint, Exhibits 3, 5 – 8. Even given the normal fluctuations inherent in application processing times, a delay of almost three years when the normal processing time is eleven months breaks from the rule of reason.

**2) Where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason.**

Congress has given its indication of the speed with which it expects DHS to complete adjudication of I-485 immigrant petitions. In the year 2000, Congress enacted the Immigration Services and Infrastructure Improvement Act ("Act") to improve the efficiency and processing infrastructure of the immigration system. At Section 202 of the Act entitled "Purposes" the Act explicitly states that "It is the sense of the Congress that the processing of an immigration benefit

Plaintiff's Cross-Motion for Summary Judgment
Case No. C 07-3936 PVT

1 application should be completed not later than 180 days after the initial filing of the
2 application…" 8 U.S.C.A § 1571(b).  Thus, Congress could not have intended to permit
3 potentially unlimited delays for the adjudication of the application at issue and this Court should
4 consider a six-month processing time as the touchstone in determining the "rule of reason."

**3) Delays that might be reasonable in the sphere of economic regulations are less tolerable when human health and welfare are at stake and the court should also take into account the nature and extent of the interests prejudiced by delay**. [1]

Delays in the immigration arena affect human health and welfare, and are thus less tolerable than those affecting only economic interests.  *Ibrahim v. Chertoff,* 2007 WL 1558521, at *7 (S.D.Cal., 2007).  The delay in the processing of Plaintiff's green card is much more than a mere inconvenience; the delay significantly impacts the plaintiff's professional and personal life.

Plaintiff is currently employed by PDF Solutions Inc., a hi-tech company involved in producing Process-Design Integration technologies for integrated circuits.  *See Declaration of Yiming Li ¶ 3*.  PDF Solutions Inc. contracts with other hi-tech companies such as IBM and Texas Instruments for certain projects.  Because of the sensitive technology used in these projects, only a United States citizen or legal permanent resident is authorized to work on these joint ventures.  Since 2005, Plaintiff has been unable to participate in four such projects because he is not yet a legal permanent resident.  This exclusion detracts from his value as an employee at PDF Solutions Inc.  *Declaration ¶ 5-7*.

Plaintiff is also burdened with extensive fees in order to continue to work and travel legally.  Each year, while his I-485 is pending, Plaintiff must apply for, and pay for, an Employment Authorization Document (EAD) and Advance Parole (AP).  Since Plaintiff first filed his I-485, he has spent over $1,500 in order to work and travel legally.  *Declaration ¶ 8, 9*.  Plaintiff is also unable to accrue the five-year wait time required for legal permanent residents

---

[1] The third factor overlaps significantly with the analysis of the fifth factor and can both be taken together in the context of immigration applications.  *See Razaq v. Poulos,* 2007 WL 61884, at *7 (N.D.Cal., 2007).

Plaintiff's Cross-Motion for Summary Judgment
Case No. C 07-3936 PVT

7

who wish to attain citizenship. The nearly three year delay in this case has denied Plaintiff nearly three years worth of the rights and privileges enjoyed by citizens of the United States.

**4) The court should consider the effect of expediting delayed action on agency activities of a higher or competing priority, but the Court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.[2]**

Although the role of Defendants is pivotal to the security of the United States of America, they have given no individualized showing that the Plaintiff poses any risk to national security. *Santillan v. Gonzales,* 388 F.Supp.2d 1065, at* 1082 (N.D.Cal., 2005) (Absent any such particularized showing, defendants' national security argument cannot excuse the administrative backlogs and bureaucratic delay for Plaintiffs' LPR status applications) *See also Singh v. Still,* 2006 WL 3898174 at *4 (mere invocation of national security is not enough to render agency delay reasonable per se without further showing as to why Plaintiff requires greater scrutiny.) Petitioner has contacted the USCIS on four separate occasions in order to ascertain the progress of his FBI name check. In the entirety of these interactions, the USCIS never indicated that Mr. Li posed any type of national security risk. Assuming for a moment that Mr. Li does indeed pose a yet undiscovered threat to national security, it would seem that the interests of national security would be better served if the USCIS and the FBI expedited his name check and completed the application investigation process as soon as possible in order to uncover the nature of such a threat. Allowing Plaintiff's FBI name check and I-485 application to languish for nearly three years does not appear to coincide with the national security priority that the FBI name check is purported to serve.

///

///

///

---

[2] The fourth and sixth *TRAC* factors also overlap and can be analyzed together. *See Santillan v. Gonzales,* 388 F.Supp.2d 1065, at* 1084 (N.D.Cal., 2005).

Plaintiff's Cross-Motion for Summary Judgment
Case No. C 07-3936 PVT

8

## **CONCLUSION**

Plaintiff has a clear right to relief under both the Mandamus Act and the Administrative Procedures Act. Defendants have a clear non-discretionary duty to complete adjudication of Plaintiff's I-485 application within a reasonable time. For these reasons, Plaintiff respectfully requests that the Court grant summary judgment in his favor.

Dated: December 11, 2007                                    Respectfully Submitted,


                                                                               _____/s/_____
                                                                               Justin G. Fok
                                                                               Attorney for Plaintiff

Plaintiff's Cross-Motion for Summary Judgment
Case No. C 07-3936 PVT