Justin Fok, Esq., CA Bar #242272
Law Offices of Jean D. Chen
2107 N. 1st Street, Suite 400
San Jose, CA 95131
Telephone: (408) 437-1788
Facsimile:  (408) 437-9788
Email: jfok@jclawoffice.com

Attorney for Plaintiff
Yiming Li

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| **Yiming Li** | ) Case No. C 07-3936 PVT |
| | ) |
| | ) **OPPOSITION TO DEFENDANT'S** |
| | ) **CROSS-MOTION FOR SUMMARY** |
| Plaintiff, | ) **JUDGMENT** |
| v. | ) |
| | ) |
| **Michael Chertoff**, Secretary of the Department | ) Hearing Vacated by Court Order |
| of Homeland Security; | ) |
| **Emilio T. Gonzalez**, Director of United States | ) |
| Citizenship and Immigration Services; | ) |
| | ) |
| Defendants. | ) |

## **INTRODUCTION**

Plaintiff is an applicant who seeks to adjust his status to Legal Permanent Resident ("LPR") in the United States.  This action arises out of Defendants' unreasonable delay in the adjudication of Plaintiff's *I-485 Application to Register Permanent Residence or Adjust Status*.

Plaintiff's Opposition to Defendant's Motion for Summary Judgment
Case No. C 07-3936 PVT

1

1    On July 31, 2007, Plaintiff filed this action seeking mandamus relief and declaratory
2 judgment under 28 U.S.C. § 1361, and the Administrative Procedures Act (APA). Plaintiff now
3 seeks summary judgment in this action and asks this Court to enter an order requiring the USCIS
4 to complete adjudication of Plaintiff's I-485 application within 60 days of receiving the Court's
5 order. Additionally, Plaintiff asks that this Court to grant reasonable attorney's fees pursuant to
6 the Equal Access to Justice Act (28 U.S.C. § 2412) as well as any other relief at law and in
7 equity as justice may require. Both parties filed cross-Motions for Summary Judgment on
8 December 11, 2007, and both parties have stipulated to vacating the Summary Judgment Hearing
9 to have this case decided upon the submitted motions. There is no dispute as to the facts of this
10 case and Plaintiff is entitled to summary judgment as a matter of law. This Opposition is in
11 response to Defendant's Cross Motion for Summary Judgment.

## ANALYSIS

### A. DEFENDANTS' DELAY IS UNREASONABLE

14    The defendants argue that the TRAC factors support the conclusion that the delay in
15 Plaintiff's I-485 case is reasonable; however, the defendants' analysis is flawed.
16    First, Defendants assert that Congress has imposed no deadline on either the I-485
17 process or the name check process. While it is true that Congress has not explicitly set a
18 deadline for either process, the second TRAC factor only requires that Congress provide "a
19 timetable or other indication of the speed with which it expects the agency to proceed in the
20 enabling statute." As mentioned in Plaintiff's motion for summary judgment, such indication is
21 given in the Immigration Services and Infrastructure Improvement Act ("Act"). At Section 202
22 of the Act entitled "Purposes" the Act explicitly states that "It is the sense of the Congress that
23 the processing of an immigration benefit application should be completed not later than 180 days
24 after the initial filing of the application…" 8 U.S.C.A § 1571(b). Thus, Congress could not have
25 intended to permit potentially unlimited delays for the adjudication of the applications at issue.
26    Second, Defendants characterize Plaintiff's interest in a timely processed application as
27 "minimal" and posit that he is free to work and travel while his case is pending. On the contrary,
28 the delay in the processing of Plaintiff's I-485 application is placing a significant burden on him

Plaintiff's Opposition to Defendant's Motion for Summary Judgment
Case No. C 07-3936 PVT

1  professionally and financially.  Because Plaintiff does not have legal permanent resident status,
2  he must be excluded from certain projects at work, thus limiting his value to his employer.  *See*
3  Plaintiff's Motion, Declaration of Yiming Li, ¶¶ 5-7.  Also, in order to freely work and travel,
4  each year, Plaintiff must apply, and pay for, Employment Authorization and Advance Parole.  To
5  date, Plaintiff has paid over $1,500 to allow himself and his family to work and travel legally.
6  *See* Decl., Attachment C.   Plaintiff must continue to pay these additional filing fees each year
7  his I-485 case remains unprocessed.

## CONCLUSION

After nearly three years of waiting, Plaintiff has a clear right to relief under both the Mandamus Act and the Administrative Procedures Act.  Defendants have a non-discretionary duty to complete adjudication of Plaintiff's I-485 application within a reasonable time.  For these reasons, Plaintiff respectfully requests that the Court grant summary judgment in his favor.

Dated: December 31, 2007                                      Respectfully Submitted,


                                                                         /s/
                                                              Justin G. Fok
                                                              Attorney for Plaintiff