SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YIMING LI, | No. C 07-3936 PVT |
|     Plaintiff, | |
| v. | DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO T. GONZALEZ, Director of United States Citizenship and Immigration Services, | |
|     Defendants. | No Hearing By Stipulation and Court Order |

## I. INTRODUCTION

Plaintiff Yiming Li ("Plaintiff") asks this Court to issue a writ of mandamus, compelling Defendants reach a decision on his application for adjustment of status. He also asks the Court to find that Defendants have violated the Administrative Procedure Act ("APA"), and to grant relief under the Declaratory Judgment Act. Plaintiff's claims must fail. Plaintiff's application remains pending because his name check is not yet complete. The facts are undisputed, and Defendants are entitled to judgment as a matter of law. Accordingly, Defendants respectfully ask this Court to deny Plaintiff's motion, and grant their motion for summary judgment.

///

///

## II.   ANALYSIS

Plaintiff posits that because his case has not yet been adjudicated, the delay is unreasonable. Plaintiff's Motion, p. 5. However, as set forth in the Declaration of Alice L. Weichert, attached to Defendants' Motion, USCIS monitors cases with pending name checks on a weekly basis to identify those in which a response from the FBI has been received. See Defendants' Motion, Exh. A, p. 8 ¶ 20. Thus, contrary to Plaintiff's contention, Defendants are acting diligently in their efforts to complete adjudication in a timely manner.

Plaintiff suggests that Defendants have failed to offer particularized information that would explain why the name check is taking "such an inordinate amount of time." Plaintiff's Motion, p. 5. Plaintiff is not entitled to know the particularized details of any law enforcement investigation. FBI v. Abramson, 456 U.S. 615, 631-32 (1982) (holding that "information initially contained in a record made for law enforcement purposes continues to meet the threshold requirements of [5 U.S.C. § 552(b)(7)] where that recorded information is reproduced or summarized in a new document prepared for a non-law-enforcement purpose."). Furthermore, as recognized by the district court in Eldeeb v. Chertoff, No. 07cv236-T-17EAJ, 2007 WL 2209231, (M.D. Fla. July 30, 2007), the fact the majority of cases are processed within a lesser time frame "suggests that 100 percent of Name Check requests are initiated, and the requests without results after six months are so because those particularly Name Check requests require more time to investigate." Id. at *5. Moreover, Plaintiff's reliance on 8 U.S.C. § 1571 is misplaced, because the language is precatory and therefore does not create an enforceable law. See Wright v. City of Roanoke Redevelopment and Housing, 479 U.S. 418, 432 (1987) (statute phrased in precatory terms does not create a substantive right); Orkin v. Taylor, 487 F.3d 734, 739 (9th Cir. 2007) ("'Sense of Congress' provisions are precatory provisions, which do not in themselves create individual rights, or, for that matter, any enforceable law.").

Plaintiff argues that this Court should follow the decisions in Aboushaban v. Mueller, No. C 06-1280 BZ, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006), and Singh v. Still, 470 F. Supp. 2d

///

///

1064 (N.D. Cal. 2007),[1] and grant him the relief he seeks. Those cases are distinguishable from the case at hand. In Aboushaban, the plaintiff's application had been pending for nearly a decade. Aboushaban, 2006 WL 3041086, at *2. Furthermore, when the district court decided the motions for summary judgment, the FBI name check was complete. Id. Accordingly, the facts of Aboushaban do not comport with those of the case at hand.

Similarly, in Singh, there was a two and a half year delay between when the plaintiff filed his first adjustment application and his name check was initiated. Singh, 470 F. Supp. 2d at 1068. Here, there was no such delay. See Defendants' Motion, Exh. A, p. 7 ¶ 16. Furthermore, the court in Singh was concerned that the defendants had taken no action on the plaintiff's case until initiation of litigation. Id. Here, Plaintiff's application is monitored on a weekly basis. Defendants' Motion, Exh. A, p. 8 ¶ 20. In addition, just weeks after the Singh decision, DHS exercised its discretion to set forth a policy regarding which cases merit expedited name checks. Defendants' Motion, Exh. B. Plaintiff's case meets none of the stated criteria. Id.

Plaintiff further argues that because the majority of name checks are completed quickly, the delay in processing his name check is therefore unreasonable. See Plaintiff's Motion, p. 9. One does not follow the other. To the contrary, the fact the vast majority of name checks are processed quickly argues against the existence of an unreasonable delay in this case. Eldeeb, 2007 WL 2209231, at *5.

Plaintiff rests his arguments on a single fact: the passage of time. However, "[t]he passage of time alone is rarely enough to justify a court's intervention in the administrative process, especially since administrative efficiency is not a subject particularly suited to judicial intervention." Singh v. Ilchert, 784 F. Supp. 759, 765 (N.D. Cal. 1992). Plaintiff has failed to establish any facts

---

[1] Plaintiff also cites Gelfer v. Chertoff, No. 06-06724 WHA, 2007 WL 902382 (N.D. Cal. Mar. 22, 2007); however, that decision involved a motion to dismiss, and thus, applied a different legal standard. Moreover, Judge Alsup specifically noted that it was inappropriate, at the dismissal stage, to decide whether the delay was unreasonable. 2007 WL 902382, at *2. Further, Plaintiff's citation to a number of district court cases finding unreasonable delay is unavailing. District courts are split on the legal issues in cases such as the case at hand; for each decision ordering relief, there is a decision holding the opposite. See, e.g., Li v. Chertoff, 482 F. Supp. 2d 1172, 1177 (S.D. Cal. 2007) (cataloging cases).

OPPOSITION AND REPLY
No. C 07-3936 PVT                                3

1  that show the delay is unreasonable. Further, Defendants have established good cause for the delay
2  in processing Plaintiff's application.
3  Finally, mandamus is reserved for those situations in which the plaintiff's claim is clear and
4  certain. <u>Kildare</u>, 325 F.3d at 1078. Here, because Plaintiff has failed to establish that action on his
5  application has been unreasonably delayed, he has failed to show that his claim is so clear and
6  certain that mandamus is justified. Furthermore, USCIS has exercised its discretion in determining
7  which name checks should be expedited. Exh. B. Plaintiff's case meets none of these criteria.
8  Accordingly, Plaintiff's Motion should be denied, and summary judgment should be granted in
9  Defendants' favor.[2]

## III. CONCLUSION

11  For the foregoing reasons, the Government respectfully asks the Court to deny Plaintiff's
12  Motion for Summary Judgment, and grant Defendants' Motion for Summary Judgment as a matter
13  of law.

14  Dated: December 31, 2007                              Respectfully submitted,

15                                                       SCOTT N. SCHOOLS
                                                         United States Attorney

17                                                            /S/
                                                         MELANIE L. PROCTOR
18                                                       Assistant United States Attorney
                                                         Attorney for Defendants

---

27  [2] Defendants note that Plaintiff also asks for EAJA fees. Should the Court grant Plaintiff's
28  motion, Defendants respectfully request the opportunity to fully brief the merits of Plaintiff's
    request.

OPPOSITION AND REPLY
No. C 07-3936 PVT                          4